IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC GRIFFIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1394 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this habeas petition challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 16).

Having considered the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons explained below.

*Background and Claims*

Petitioner was found guilty of refusing or failing to obey an order, and was punished with recreational, commissary, and telephone restrictions, reduction in line class, and loss of thirty days' good time credit. His administrative appeals were denied. Respondent acknowledges that petitioner is eligible for mandatory supervised release under state law.

Because petitioner lost good time credit and is eligible for mandatory supervised release, he was entitled to the procedural due process safeguards set forth in *Wolff v.*

*McDonnell*, 418 U.S. 539, 555 (1974), and its progeny. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

In this federal habeas petition, petitioner claims he was denied procedural due process in the following instances:

1. Prison officials did not attempt an informal resolution of the disciplinary charges, in violation of prison rules.

2. He was confined in prehearing detention for more than ten days prior to the disciplinary hearing, in violation of prison rules.

3. He was not given a copy of the offense report 72 hours prior to the hearing, in violation of prison rules.

4. The disciplinary hearing officer failed to consider petitioner's disciplinary history in assessing punishment, in violation of prison rules.

Although respondent correctly argues that petitioner's claims are unexhausted and procedurally defaulted, the Court will dismiss petitioner's claims on the merits as habeas relief is unwarranted.

## *Legal Standards*

*Summary Judgment Standards*

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment,

the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Id*. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*. In deciding a summary judgment motion, the reviewing court must construe all facts and inferences in the light most favorable to the nonmoving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

*Due Process Standards*

When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Consequently, petitioner here was entitled to the due process protections afforded him by *Wolff*.

In *Wolff*, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Because prison disciplinary hearings are not part of a criminal prosecution, the Court

3

reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. The Court held that the minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) twenty-four hours' advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563–67.

*Analysis*

Petitioner's procedural due process claims in this habeas case are premised on the alleged violations of prison rules and regulations. Violations of prison rules or regulations in context of inmate disciplinary proceedings, standing alone, do not give rise to Fourteenth Amendment due process claims. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989). "A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Thus, petitioner must show that he was denied the procedural due process rights provided by *Wolff*.

Of the four due process claims raised by petitioner in this lawsuit, only his third claim – an alleged untimely receipt of the offense report – presents an arguable denial of due process under *Wolff*. Petitioner enjoyed no procedural due process right under the Fourteenth Amendment to an attempted informal resolution of the charges, a prehearing detention of

less than ten days, or the consideration of his prison disciplinary record for punishment purposes. Consequently, those claims do not warrant habeas relief.

Petitioner claims that he was not given 72 hours' written notice of the charges as required under prison rules. Petitioner was not entitled to 72 hours' advance notice of his disciplinary charges under the Fourteenth Amendment. Although *Wolff* affords a prisoner the right to twenty-four hours' advance written notice of the disciplinary charges, petitioner in this instance fails to demonstrate a violation of that right. To the contrary, the disciplinary hearing record shows that petitioner signed a notice of receipt of written charges on December 5, 2017, and that the hearing was held December 7, 2017. (Docket Entry No. 14-2, p. 3.) Moreover, petitioner signed a provision waiving his right to twenty-four hours' advance notice. *Id*. Even assuming petitioner's right to twenty-four hours' advance notice was violated, he presents no probative evidence of prejudice. When a procedural safeguard is overlooked there must be a showing of prejudice as a result of the alleged constitutional violation. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

The record shows that petitioner was afforded all procedural due process safeguards to which he was entitled under *Wolff*. He was given twenty-four hours' advance written notice of the charges, and had an opportunity to call witnesses and present documentary evidence at the hearing. He received a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action, and there is no probative summary

5

judgment evidence to the contrary. Although not constitutionally required, petitioner was provided counsel substitute for the disciplinary hearing. (Docket Entry No. 14-2, pp. 3–12.)

For these reasons, petitioner's habeas claims are without merit, and respondent is entitled to summary judgment dismissal of this lawsuit.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED and the habeas petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on November 29, 2018.

_____
Gray H. Miller
United States District Judge